JOHN HIGHLAND v. THE CITY OF GALVESTON.

(No. 84, Tex. L. J., vol. 1, p. 73.)

APPEAL from Galveston County.   Opinion by WHITE, J.

§ 623. *Garnishment; a municipal corporation cannot be garnished for wages due an employee.*   The question is whether or not a municipal corporation can be garnished for wages due an employee.   "When the question is left entirely open by statute, on principle a municipal corporation should be exempt from liability of this character with respect to its revenues and the salaries of its officers; but where it owes an ordinary debt to a third person, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and private corporations." [1 Dillon on Municipal Corporations, p. 85, sec. 65.]   There has been much contrariety of decision in the courts of the various states on the question.   [See Drake on Attachments (4th ed.), § 516.]   But the rule above quoted seems to us founded in sound reason and justice, in the absence of any constitutional or legislative prohibition, as was the case when these proceedings were instituted.   Our present constitution (since adopted) expressly provides that "no current wages for personal service shall ever be subject to garnishment" [Const. Gen. Provisions, art. XVI, sec. 28], and, of course, in cases arising since its adoption, this provision would control.

March 15, 1877.              Reversed and remanded.